UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DEAN EGGE,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Respondents. | No. 2:19-cv-1884 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a document entitled application for a writ of mandamus. Petitioner appears to be seeking relief from actions of the California Department of Corrections and Rehabilitation, the Sacramento County Superior Court, and the County of Sacramento.

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

"The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties...." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). Nor do the federal courts have the general power to compel action by state officials. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988).

The extraordinary remedy of mandamus is not available in the instant case because none of the named respondents are officers, employees, or agencies of the United States, and the court lacks jurisdiction to compel action by California state officials. Accordingly, the petition for writ of mandamus and declaratory relief should be dismissed for lack of jurisdiction. See Workman v. Mitchell, 502 F.2d 1201, 1205 (9th Cir. 1974) ("The Federal Declaratory Judgment Act does not establish a new basis for jurisdiction in the federal court; it merely establishes a new remedy, available in cases in which jurisdiction otherwise exists. The question, therefore, is whether the mandamus statute provides a jurisdictional basis for the declaratory relief plaintiffs seek.").

To the extent petitioner is attempting to challenge the conditions of his confinement as unconstitutional, such claims should be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted) (quoting Devereaux v. Abbey, 263 F.3d 1070, 107 (9th Cir. 2001)); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."). This court further notes that mandamus and prisoner civil rights actions differ in a variety of respects, such as filing fees,[1] exhaustion

////
////
////
////

---

[1] The filing fee for § 1983 civil rights cases is $350, plus a $50 administrative fee. Even if petitioner is granted in forma pauperis status, he would be required to pay the $350 filing fee by way of deductions from income to petitioner's trust account. See 28 U.S.C. § 1915(b)(1).

2

requirements,[2] and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule).

To the extent petitioner it attempting to challenge the constitutionality of his conviction and/or his sentence, petitioner is advised that he must bring that challenge by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (habeas corpus is the exclusive vehicle for relief affecting the duration of confinement). Prior to bringing a habeas action in this court, petitioner must exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1). Petitioner is further warned that a one-year statute of limitations applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d).

For these reasons, this court will recommend this action be dismissed. Such dismissal would not preclude plaintiff from filing a § 1983 action or a habeas corpus petition in the future, and this court takes no position on the merits of such actions.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case;

Further, IT IS RECOMMENDED that the petition for writ of mandamus be dismissed for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

////
////
////
////

---

[2] The Prisoner Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3

specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/egge1884.dism fr